SHORTESS, Judge,
dissenting.
The real issue in these proceedings is the use to which the sulphur was put. The Board of Tax Appeals decided that the sul-phur purchased by Allied’s Union Texas Petroleum division fell within the LSA-R.S. 47:301(10) exception, that is to say, that it was used for “further processing” within the meaning of the statute. Not all uses of materials for processing fall within this exception. See Traigle v. PPG Industries, 332 So.2d 777 (La.1976). There is no evidence in this record that the sulphur purchased by the Agricultural Division was manufactured into the same end product with the same residual concentration and for the same purpose as the sulphur purchased by Texas Petroleum Division. The existence of a material in the end product and reasons for its inclusion are important factors in determining whether the material was indeed “[processed] into” within the meaning of LSA-R.S. 47:301(10). See Traigle, 332 So.2d at 780. Moreover, Allied’s answers to interrogatories evidence that there are several processes conducted at its Geismar facility involving the use of sul-phur, in various forms, for various purposes; and that various stages of a process produce various products for resale. Genuine issues of material fact remain unresolved regarding the use of the sulphur purchased by the Agricultural Division in the years included in the Department’s 1985 assessment.
The 1980 assessment (exclusive of interest) amounted to $330,858.34, while the 1985 assessment (exclusive of interest) amounted to $634,761.84. Simple mathematics will not support the contention that the second assessment was wholly included *1294 in the first one. More importantly, the affidavit of Ben Morrison, submitted by the Department in opposition to the motion for summary judgment, expressly states that the two divisions operated under different “account numbers” and their audits and assessments, respectively, are mutually exclusive.[1] Allied has presented no evidence that they are not. In argument before this court, counsel for Allied was asked repeatedly, simply, whether the sulphur was the same. His inability to offer an adequate response is tantamount to an admission that it was not.
These are distinct material facts, and res judicata should not be allowed to foreclose the Department’s right to a judicial determination of the taxability of the purchase of sulphur herein involved.
I respectfully dissent.

. The affidavit quotes a letter from an Allied representative that indicates only the 1975 purchases for its Agricultural Division were included in the first assessment. The purchases for that year are not included in the assessment now before us.